**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**TURHAN JAVON DUCREE,**
     **Plaintiff,**

vs.                                                            **Case No: 3:07cv452/MCR/MD**

**THE VILLAS OF GULF BREEZE, et al.,**
     **Defendants.**

_____

**O R D E R**

This cause is before the court upon defendants' motion for summary judgment (doc. 18), statement of undisputed material facts (doc. 19) and supporting memorandum (doc. 20). Before the court rules on the matter, the plaintiff shall have an opportunity to respond.

In opposing a motion for summary judgment plaintiff is the nonmoving party, and as plaintiff he is the party with the burden of proof. Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." F<small>ED</small>. R. C<small>IV</small>. P. 56(c). The rule does not require the party seeking summary judgment to submit evidence *negating* the opposing party's claim, but instead to demonstrate ("*with or without supporting affidavits*") that the Rule 56(c) standard is satisfied. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

If plaintiff files a response to the motion, such response should include affidavits and any other documents or materials required by F<small>ED</small>. R. C<small>IV</small>. P. 56 and

N.D. Fla. Loc. R. 56.1(A).[1]  Plaintiff is cautioned that he must dispute or contradict defendants' argument with evidence of a substantial nature as distinguished from legal conclusions.  Plaintiff cannot successfully defeat a motion for summary judgment with mere formal denials or general allegations that do not disclose the facts in detail and with precision, nor can he simply rely upon the pleadings.  A general denial unaccompanied by any evidentiary support will not suffice. *See e.g., Courson v. McMillian*, 939 F.2d 1479 (11th Cir. 1991); *Hutton v. Strickland*, 919 F.2d 1531 (11th Cir. 1991).

Evidentiary material which is acceptable in opposition to a motion for summary judgment includes sworn affidavits or other sworn documentary or other evidence indicating the existence of a genuine issue of material fact. FED. R. CIV. P. 56(e).  Affidavits must be based on personal knowledge, setting forth such facts as would be admissible into evidence and affirmatively showing that the affiant is competent to testify to the matters stated therein. FED. R. CIV. P. 56(e).  If plaintiff is unable to present, by affidavit or other evidence, facts essential to justify his opposition to defendants' motion, then plaintiff must file a sworn statement as to why he is unable to do so.

Materials submitted on a motion for summary judgment are viewed in the light most favorable to the party opposing the motion (plaintiff), but unreasonable and speculative inferences will not be drawn from the materials.  *Tyler v. Vickery*, 517 F.2d 1089 (5th Cir. 1975).  Evidence filed by defendants in support of their motion for summary judgment may be accepted as true by the court if plaintiff does not file

---

[1] Rule 56.1 provides: "Any motion for summary judgment filed pursuant to Fed.R.Civ.P. 56 . . . shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." N.D. Fla. Loc. R. 56.1(A).  The rule further requires: "The party opposing a motion for summary judgment shall, in addition to other papers or matters permitted by the rules, file and serve a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried. . . . All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be filed and served by the opposing party." *Id.*

contrary evidence in the form of sworn affidavits or other materials in compliance with Rule 56.  *Brown v. Shinbaum*, 828 F.2d 707 (11th Cir. 1987).

Plaintiff is cautioned that only those pleadings and evidentiary materials currently in the record or filed in accordance with this order will be considered by the court in ruling on defendant's motion.  A motion for summary judgment will result in a final judgment without a full trial or any further proceeding, if the pleadings, sworn affidavits, and other appropriate evidentiary materials properly filed in the record show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  *Celotex Corporation v. Catrett*, *supra*; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Accordingly, it is ORDERED:

1. On July 28, 2008 (the "submission date"), the motion for summary judgment will be deemed submitted on the motion, the pleadings, and the evidentiary materials filed in this case.  On or at any time after this submission date, the court shall consider the motion for summary judgment and may resolve the motion and this case without an evidentiary hearing.[2]

2. On or before the submission date, the plaintiff may file a response to the motion for summary judgment.  The plaintiff should be careful to insure that the response, if any, complies with the provisions of Rule 56 of the Federal Rules of Civil Procedure, and Rule 56.1 of this court's Local Rules.  Failure to follow the requirements of Rule 56 in opposing a motion for summary judgment may result in the motion being granted and final judgment being entered in favor of the moving party without there being an evidentiary hearing or trial.

---

[2]**This submission is without oral argument.  If the court determines that oral argument on the motion is required, a date for the argument will be scheduled later.**

*Case No: 3:07cv452/MCR/MD*

3.  Any documents or evidence filed after the submission date will not be considered by the court barring exceptional circumstances.

DONE AND ORDERED this 18th day of July, 2008.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:07cv452/MCR/MD*